Bank of Geneva agt. Hotchkiss and Hotchkiss.

---

5 How. 478–*See* 7 How. 197.

## COURT OF APPEALS.

**BANK OF GENEVA agt. HOTCHKISS AND HOTCHKISS.**

The time for bringing an appeal (two years) begins to run from the making of the final order determining the rights of the parties in the action; that is, from the time of *making* the final order for judgment, and not from the time of docketing the judgment roll.

Held, that the 331st section of the Code should receive the same construction as was given to the former statute (2 *R. S.* 594, § 21), in respect to the limitation of bringing appeals.

Although it may be necessary to have the costs adjusted and roll filed, before bringing the appeal (McMahon and wife agt. Harrison, *ante page* 360), the appellant has it in his power to coerce this to be done in time.

*June Term*, 1851. This was an action of assumpsit com-

menced in 1846. It was referred to Robert Monell, sole referee, 19th October 1846, and heard before the referee 27th Nov. 1846. A report was made for plaintiff for $5151·47, damages and costs, 28th November 1846. A case was made and stay of proceedings ordered and motion to set aside report, made in Supreme Court. An order denying motion, made at general term held in Rochester, Monroe county, 29th January 1849. Judgment record filed in Ontario, 20th March 1849, and judgment docketed.

Notice of appeal served by mail, 15th March 1851, addressed to plaintiff's attorneys at Geneva, and to the clerk of Ontario at Canandaigua, which was filed 17th March 1851.

February 18, 1849, order in Supreme Court at a special term in Wayne county, "that a statement of the facts embraced in the case be made and settled under the direction of one of the judges of the Supreme Court, and that the same be incorporated in the record by the plaintiff's attorneys."

The statement was afterwards made but not perfected or incorporated until subsequent to the 17th March 1847.

This is a motion to dismiss the appeal, on the ground that it was not brought within the time allowed by statute.

Ruggles, Ch. J.—By the statute in force before the adoption of the Code of Procedure, writs of error were required to be " brought within two years after the rendering of the judgment or final determination," to be recovered, " and not after" (2 *R. S.* 594, § 21). The period of two years was counted from the time when the final determination between the parties were made, and not from the subsequent filing of the judgment record (11 *Wend.* 522; 4 *Hill*, 29, Lee vs. Tillotson). In the last mentioned case there was a report of referees in favor of the plaintiff in 1837. A motion was made in January 1840 in behalf of the defendant to set aside the report, and the motion was denied, but the record of judgment was not filed until the 21st January 1841. It was adjudged that the limitation began to run from the time the motion to set aside the report of referees was denied, and not from the time of filing the record.

By the Code, § 331, an appeal " must be taken within two

Bank of Geneva agt. Hotchkiss and Hotchkiss.

years after the judgment." "A judgment is the final determination of the rights of the parties in the action" (*Code*, § 245). The 331st section ought to receive the same construction which was given to the former statute; the limitation should be counted from the time the final determination was actually made. In the present case it was made on the 29th of January 1849, and the appeal was not taken until March 1851. More than two years had elapsed and the appeal was therefore too late.

It was decided at the last term of this court that an appeal could not regularly be brought until the costs were ascertained and the judgment roll filed. But the party desiring to appeal may compel the other, by motion, to perfect his judgment if he omits to do so; and it is the appellant's own fault if he permits the time to elapse without causing the roll to be filed.

The clerk of the county where the general term is held must necessarily make and keep an entry of the final order of the court; and this ought to specify the relief granted or other determination of the action. (*Code*, § 280). This entry shows when the final determination is made, and regulates the time allowed for appealing. For the purpose of perfecting the judgment the prevailing party must cause this order to be entered in the judgment book kept by the clerk of the county where the action is brought and the other proceedings are filed (§ 281). But the time allowed for bringing the appeal is not affected by a delay in entering the order in the judgment book.

Although this suit was commenced before the adoption of the Code, the judgment appealed from was rendered afterwards. The appeal, therefore, is regulated by the Code not only as to the mode of procedure but as to the time within which it must be taken. Appeal dismissed with costs.